# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RACHEL BRYANT,**<br><br>　　　　**Plaintiff**<br><br>　　v.<br><br>**YOSEMITE RANCH INVESTORS, LLC, et al.,**<br><br>　　　　**Defendants** | **CASE NO. 1:17-CV-1729 AWI SAB**<br><br>**ORDER DENYING MOTION TO SUBSTITUTE AND ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND CLOSING CASE**<br><br>(Doc. Nos. 12, 13) |

On April 26, 2018, Plaintiff's counsel filed a notice of death. See Doc. No. 12. Plaintiff Rachel Bryant died sometime during the pendency of this case. See id. Plaintiff alleged violations of Title III of the Americans with Disabilities Act ("ADA"), the California Unruh Act, and the California Health & Safety Code. See Doc. No. 1. On June 11, 2018, Plaintiff's daughter filed a motion to substitute as a plaintiff in Rachel Bryant's place. See Doc. No. 13.

Title III "provides a private right of action for injunctive relief but no right of action for monetary relief." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 638 (9t h Cir. 2016). That is, "Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief." Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014). When an ADA Title III plaintiff dies, the death renders the claims under Title III for injunctive relief moot because there is no prospect of a future injury. Kalani v.

Starbucks Coffe Co., 698 F. App'x 883, 885 (9th Cir. 2017); Southwell v. Summit View of Farragut, LLC, 494 F. App'x 508, 512 (6th Cir. 2012); Wojewski v. Rapid City Reg'l Hosp., Inc., 450 F.3d 338, 342 (8th Cir. 2006); Owens v. Fresno Foods, LLC, 2017 U.S. Dist. LEXIS 69214, *5 (E.D. Cal. May 5, 2017); Antonetti v. Chipotle Mexican Grill, Inc., 2012 U.S. Dist. LEXIS 190562, *7-*8 (S.D. Cal. Mar. 21, 2012). Here, with the death of Plaintiff, her ADA Title III claims are moot and will be dismissed as such. See id.

Unlike Plaintiff's ADA claims, her California law claims do survive her death. See Kalani, 698 F. App'x at 885-86. The Court has supplemental jurisdiction over the California law claims only through the ADA claim. However, with the mooting of Plaintiff's ADA Title III claim, 28 U.S.C. § 1367(c)(3) is implicated.

Under § 1367(c)(3), a district court may decline to exercise jurisdiction over supplemental state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The general rule is that when all federal claims are dismissed before trial, "pendent state law claims also should be dismissed." Religious Tech. Center v. Wollersheim, 971 F.2d 364, 368 (9th Cir. 1992); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985). In the specific context of jurisdiction through ADA Title III claims, "courts often decline to exercise supplemental jurisdiction over related state law claims once the ADA claims have been dismissed." Wyatt v. Rug Emporium, 2016 U.S. Dist. LEXIS 68197, *6 (E.D. Cal. May 24, 2016) (and cases cited therein). Here, the Court is aware of no reason why the general rule should not be followed. This case is in a relatively early state, and trial is not set until May 9, 2019. Therefore, the Court will decline to exercise supplemental jurisdiction over the alleged California state law claims. See 28 U.S.C. § 1367(c)(3); Owens, 2017 U.S. Dist. LEXIS 69124 at *6; Wyatt, 2016 U.S. Dist. LEXIS 68197 at *7.

Because the Court is declining to exercise supplemental jurisdiction over the remaining state law claims, the Court will deny Ms. Palacios's motion to substitute. See Rand v. American Nat'l Ins. Co., 2010 U.S. Dist. LEXIS 82584, *5 (N.D. Cal. June 22, 2010) (court retains discretion to deny substitution of a party); Graham v. Henderson, 224 F.R.D. 59, 65 (N.D. N.Y. 2004) (same).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims under Title III of the ADA are DISMISSED as moot;
2. Pursuant to 28 U.S.C. § 1367(c)(3), the Court DECLINES to exercise supplemental jurisdiction over the remaining California state law claims and those claims are DISMISSED without prejudice;
3. Kristina Palacios's motion to substitute (Doc. No. 13) is DENIED without prejudice; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   June 19, 2018

SENIOR DISTRICT JUDGE